UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60340-CIV-MOORE/SIMONTON

NICOLE WALKER,

    Plaintiffs

v.

AMERICARE RADIOGRAPHICS, INC., et al.,

    Defendants.
_____/

### ORDER ON DEFENDANT'S MOTION TO COMPEL

Presently pending before the Court is Defendant's Motion to Compel Discovery (DE # 19). All discovery motions is this case are referred to the undersigned Magistrate Judge (DE # 5). This motion is fully briefed (DE ## 23, 26, 27). For the reasons stated below, Defendant's motion is granted in part.

I. Background

Plaintiff is proceeding under an one-count Amended Complaint in which she alleges that Defendants violated the Fair Labor Standards Act (FLSA), 29 U.S.C. 216, *et seq.*, by not paying her overtime compensation for the period from March 2007 and December 2009 (DE # 1). Defendants have answered the Complaint (DE # 12).

This motion follows.

II. The Instant Motion

This Order will consider individually the requests for production and interrogatories at issue.[1] If one or more requests are related, the Order will consider them together.

---

[1] The parties have resolved requests for production 6, 8, 9, 12, 22, and 23, as well as interrogatories 9, 10 and 16 (DE # 23 at 2; DE # 27).

    A.   **Requests for Production**

    1.   **Requests 5 & 6**

In Request for Production 5, Defendants seek Plaintiff's tax returns for the years 2007, 2008 and 2009. In Request for Production 6, Defendants seek and W-2 and/or 1099 forms issued to Plaintiff for the years 2007, 2008 and 2009. Plaintiff contends that this portion of Defendants' motion should be denied because 1) the request is simply a fishing expedition, which is irrelevant and harassing and 2) Defendants already know the number of hours which Plaintiff worked for them (DE # 23 at 3-7).

The undersigned concludes that Plaintiff's tax records must be produced. First, the tax records sought by Defendant fit within the broad definition of relevance under Fed.R.Civ.P. 26, which provides that a party is entitled to discovery of information that "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b); *see also Maddow v. Procter & Gamble Co.*, 107 F.3d 846, 853 (11th Cir. 1997) (affirming order compelling discovery of tax returns over producing parties' objection that the tax records were private as well as cumulative of their W-2 and 1099 forms that had already been produced). The requested documents may be admissible or may well lead to the discovery of admissible evidence.

Therefore, on or before October 25, 2010, Plaintiff shall provide Defendants with all documents responsive to these requests. The undersigned is, however, cognizant of the fact that these documents may contain sensitive and private financial information relating to Plaintiff. Therefore, Defendants are required to ensure that any tax records produced by Plaintiff pursuant to this Order are treated with discretion, and that this information shall not be shared with or divulged to any individual or entity for any reason outside this litigation.

2. <u>Request 15</u>

In this request, Defendants ask for all documents demonstrating Plaintiff's communications with Defendants regarding any alleged violation of the FLSA by Defendants/and or their agents. Plaintiff objected to this request as vague and unintelligible.

In the motion, Defendants contend that Plaintiff's objection is insufficient, as it is overly vague and does not state how the request is vague (DE # 19 at 5, 7). In their reply, Defendants note that in her response, Plaintiff did not oppose this portion of the motion to compel (DE # 26 at 6). Therefore, on or before October 25, 2010, Plaintiff shall provide Defendants with all documents responsive to this request.

3. <u>Requests 18 and 20</u>

In Request for Production 18, Defendants seek records and receipts for all costs that Plaintiff has paid to bring and maintain this legal action. In Request for Production 20, Defendants seek the agreement upon which Plaintiff bases her claim for attorney's fees from Defendants.

Plaintiff objects to providing these documents because there is no motion for attorney's fees and costs pending, and, thus, asks that this request be denied until Plaintiff files such a motion (DE # 23 at 8, 15). Plaintiff also contends that these records are confidential and privileged, and production of them will result in the release of work product, i.e. Plaintiff's counsel's case strategy (DE # 23 at 8-15). Defendants note that Plaintiff has made a request for attorney's fees and costs in her Complaint, making these requests relevant (DE # 19 at 7, 9; DE # 26 at 6-7). Defendants also contend that the Eleventh Circuit has held that these documents are discoverable (DE # 19 at 8-10; DE # 26 at 9). Defendants further state that fees paid for legal work and the general nature of

the legal work which is performed are not confidential communications and that any billing information which contains litigation strategy can be redacted (DE # 19 at 8-10; DE # 26 at 8).

The undersigned notes that the requested documents are relevant to Plaintiff's claim for attorney's fees and costs, and are not wholly privileged, as they are not, per se, confidential communications. However, the undersigned finds that Defendants' request for these documents is premature, and denies this portion of the motion to compel. There is no pending motion for attorney's fees and costs. Local Rule 7.3(a)(5) states that any motion for attorney's fees and costs shall disclose the terms of any applicable fee agreement. Local Rule 7.3(a)(6)(B-D) states that any motion for attorney's fees and costs shall include the number of hours reasonably expended by each timekeeper; a description of the tasks done during those hours; and the hourly rate claimed for each timekeeper. Local Rule 7.3(a)(7) states that any motion for attorney's fees and costs shall describe and document with invoices all incurred and claimed fees and expenses. Thus, the documents requested here will be available under the Local Rules if and when Plaintiff files a motion for fees and costs, and Plaintiff is not required to produce them now.

4. <u>Requests 27-29, 31, 32, 34</u>

In these requests for production, Defendants seek all documents which refer to, relate to, and/or support the allegations contained in : 1) Paragraph 6 of the Complaint (RFP 27); 2) Paragraph 8 of the Complaint (RFP 28); 3) Paragraph 10 of the Complaint (RFP 29); 4) Paragraph 12 of the Complaint (RFP 31); and 5) Paragraph 19 of the Complaint (RFP 32). In request for production 34, Defendants seek all documents which refer to, relate to, and/or support the allegations in the Complaint that Defendant

Americare Radiographics has had two or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

Plaintiff objects that these requests are a) overbroad, and b) improperly request attorney work product (DE # 23 at 12). However, it is axiomatic that a party may serve discovery which calls for another party to set forth the basis for its contentions. *See* Fed.R.Civ.P. 33(a)(2). The undersigned notes that Plaintiff has not objected to these requests as premature. Thus, the undersigned agrees with Defendants that these requests for production seek materials that are relevant to this lawsuit; and, therefore, on or before October 25, 2010, Plaintiff must produce any responsive documents within her possession, custody or control, pursuant to Rules 26 and 34.

B. <u>Interrogatory 17</u>

In this interrogatory, Defendants ask Plaintiff to specifically identify each instance of overtime for which Plaintiff seeks compensation and for each instance, provide: a) the date the overtime was worked; b) the length of time for each instance of overtime for which Plaintiff is seeking compensation; and c) the start and end time for the overtime for which Plaintiff is seeking compensation. Plaintiff responded by stating generally, in response to Defendants' Interrogatory 9, the amount of overtime which she believed she worked during the relevant period. Plaintiff referred Defendants to this response.

In their motion, Defendants request that Plaintiff provide the specific instances during which she worked overtime (DE # 19 at 17-18). Plaintiff responded that it was Defendants' responsibility to keep records of the number of hours Plaintiff worked. She states that she does not remember every instance during her four years of employment that she worked overtime, and that she provided a good faith calculation of her damages

in response to Defendants' Interrogatory 9 (DE # 23 at 13-14).  Defendants reply that they ask that Plaintiff be compelled to provide this response as her answer to Interrogatory 17, so that Defendants may use this response at trial (DE # 26 at 10).

Therefore, on or before October 25, 2010, the undersigned orders Plaintiff to provide a response to this Interrogatory.  In this response, Plaintiff may state that she is unable to remember the specific occasions upon which she worked overtime, but that, in response to Defendants' Interrogatory 9, she has provided a good faith calculation of her damages.

Therefore, for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Compel Discovery (DE # 19), is **GRANTED in part**, as stated in the body of the Order.  On or before October 25, 2010, Plaintiff must provide the ordered documents and discovery responses.

**DONE AND ORDERED** in chambers, in Miami, Florida on October 15, 2010.

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies to:**
**The Honorable K.  Michael Moore,**
       **United States District Judge**
**All counsel of record**