UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60340-CIV-MOORE/SIMONTON

NICOLE WALKER,

    Plaintiff,

v.

AMERICARE RADIOGRAPHICS, INC., et al.,

    Defendants,

_____/

## AGREED CONFIDENTIALITY ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes concerning confidentiality, adequately protect materials which are entitled to be kept confidential, and insure that protection is afforded only to material so entitled, pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c) and with the consent of the parties, it is

**ORDERED** as follows:

    1.    __Designation of Confidential Matter.__  Information or documents which may be or may have been produced in response to discovery requests of any party may contain confidential or proprietary information, or may disclose information concerning financial information, trade secrets, or other confidential materials.  Any such information or documents may be designated as "Confidential Matter" by counsel for any party, if such counsel believes in good faith that it is necessary to protect the legitimate interest in confidentiality of his or her client that the designated matter be kept confidential.

    2.    __Manner of Designation.__  Designation of "Confidential Matter" shall be effective by placing or affixing on each document or group of documents so designated,

a notice of "CONFIDENTIAL" or the equivalent, in such manner as will not interfere with the legibility thereof, but shall be sufficient to put persons receiving such documents on notice that such documents are to be treated in confidence. Any confidential designation which is inadvertently omitted, or which was not placed on documents prior to this Order, may be corrected by written notice to opposing counsel, whereupon such documents shall become "Confidential Matter", and the confidential designation shall be placed on such documents to the extent practicable.

3. **Restriction on Use of Confidential Matter.** No "Confidential Matter" produced in response to any Party's discovery requests shall be used or communicated by any party, or any other person receiving or viewing them, for business or competitive purposes, or for any purpose whatsoever other than in preparation for trial of this matter, the trial of this matter or any appeals therefrom.

4. **Persons Who May View Confidential Matter.** "Confidential Matter" shall, except as set forth below, be available only for examination by (a) the parties, and if a party is not a natural person, then examination shall be limited to those persons required to have knowledge of such "Confidential Matter" for purposes of this litigation, and each such person shall be bound by this Order, (b) the parties' attorneys and their respective legal assistants, including associates, secretaries and paralegal assistants, court reporters and other agents or employees to the extent necessary to render legal services in this litigation, (c) expert witnesses retained by the parties' attorneys, (d) court officials involved in the litigation, including but not limited to the Judge, Magistrate Judge, judicial law clerks, judicial assistants, court reporters, special masters or others appointed by the court, and (e) those persons who are lawfully present at the trial of this case.

5. **Restrictions on Reproduction of "Confidential Matter".** There shall be no

reproduction of "Confidential Matter", except as required in preparation for trial of this matter, the trial of this matter or any appeals therefrom, except that copies, excerpts or summaries may be shown or given to those persons authorized to receive such information pursuant to this Order.

6.  **Restrictions on Dissemination.**  No person who examines any item produced pursuant to this Order shall disseminate orally, in writing or by any other means any "Confidential Matter" to any person not also authorized to examine "Confidential Matter" under the terms of this Order.

7.  **Use in Depositions.**  Except as limited herein, during a deposition, a deponent may be shown, and examined about, "Confidential Matter".  Prior to such examination, if the deponent is not already a person authorized to view "Confidential Matter", the deponent shall be given a copy of this Order and shall agree to be bound by it, if requested by counsel for either party. However, a deponent may not be shown salary/wage/rate or pay information for Defendant's, executives, managers or supervisors without prior leave of Court unless this financial information is the deponents nor may a deponent be shown confidential trade secret information as contemplated by Rule 26(c)(7).  At the deposition, or within fifteen (15) days after receiving a copy, a party or a deponent may designate portions of the transcript, and/or exhibits, as "Confidential Matter".  Until the expiration of the 15-day period, the transcript and exhibits shall be treated as confidential, but when such 15-day period expires, only those pages of the transcript and exhibits designated as such shall be confidential. Thereafter, the original and all copies of such pages and exhibits shall be stamped as confidential as set forth in this Order, and the title page of the transcript shall state "Contains Confidential Information".

8.  **Filing with the Court.**  "Confidential Matter" may only be filed with the Court

under seal, pursuant to the provisions contained in the Local Rules for making such filings.

9.  **No Waiver of Confidentiality.**  The production of "Confidential Matter" for inspection and note-taking shall not constitute a waiver of any Party's right to claim in this lawsuit or hereafter that said documents and/or any materials or information included therein is privileged and is otherwise non-discoverable.

10. **Declassification.**  A party (or an aggrieved person or entity permitted by the Court to intervene for such purpose) may file a motion seeking a Court order that a document or documents stamped as confidential are not entitled to be treated as "Confidential Matter". The person or entity that designated the document(s) as confidential shall be given notice and an opportunity to respond.  To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document(s) to have such protection.

11. **Return of Confidential Matter.**  Upon final termination of this action, including all appeals, each party's attorney shall return all "Confidential Matter", including all copies, excerpts or summaries thereof, to the attorneys who produced the same upon request.

**DONE and ORDERED** in chambers at Miami, Florida, on November 2, 2010.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
The Honorable K. Michael Moore,
       United States District Judge
All counsel of record