UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60340-CIV-MOORE/SIMONTON

NICOLE WALKER, on her own behalf and
others similarly situated,

    Plaintiff,

v.

AMERICARE RADIOGRAPHICS, INC.,
a Florida corporation, and THOMAS STOKES, individually,

    Defendants,

_____/

**MOTION FOR RECONSIDERATION OF COURT'S ORDER GRANTING IN PART AND DENYING IN PART CHRIS KLEPPIN AND KRISTOPHER W. ZINCHIAK'S RENEWED MOTION TO WITHDRAW FROM REPRESENTATION [D.E. 43] AND NOTICE OF SUPPLEMENTAL AUTHORITY**

Undersigned counsel hereby files this Motion for Reconsideration of Court's Order Granting in Part and Denying in Part Chris Kleppin and Kristopher W. Zinchiak's Renewed Motion to Withdraw from Representation [D.E. 43] and Notice of Supplemental Authority, and and in support thereof, states:

**MEMORANDUM OF LAW**

The Rules Regulating the Florida Bar clearly state that "a lawyer shall not represent a client or, where representation has commenced, *shall withdraw from the representation* of a client if: . . . (3) the lawyer is discharged . . ." *Rules Regulating the Florida Bar*, Rule. 4-1.16(a) (emphasis added). Therefore, in situations where the attorney-client relationship has already been terminated, this Court has previously acknowledged that the attorney is no longer authorized to act on behalf of the party, and has allowed the Corporate-Defendant a reasonable amount of time to obtain substitute counsel. *Weaver v. Bayside Cooling, Inc., et al.*, Case No. 09-14143-CIV-MOORE/LYNCH [D.E. 53]; *Rodgers v. Global Prophets, Inc., et al.*, Case No.

1

09-80753-CIV-DIMITROULEAS; [D.E. 14], [D.E. 19]; *Jones, et al. v. Carswell Property Maintenance, Inc., et al.,* Case No. 09-22027 [D.E. 86].

## ARGUMENT

As undersigned counsel previously represented to this Court in its Renewed Motion to Withdraw [D.E. 42], the Defendants have terminated undersigned counsel as their legal counsel. Within that Motion, undersigned counsel also attached a letter drafted by the Defendants to undersigned counsel's confirming that both Americare Radiographics, Inc. and Thomas Stokes have terminated undersigned counsel, while also confirming that the Defendants could no longer afford to retain undersigned counsel. [D.E. 42, Exhibit #1]. In response to undersigned counsel's Renewed Motion to Withdraw, the Court ruled that undersigned counsel's Renewed Motion to Withdraw was granted with respect to the individual Defendant, but denied with respect to the Corporate-Defendant, holding that replacement counsel must file a Notice of Appearance before a renewed motion will be granted as to the Corporate-Defendant. [D.E. 43]. However, by denying undersigned counsel's Renewed Motion to Withdraw from Representation, the Court is subjecting undersigned counsel to a range of potential bar violations since the Corporate-Defendant has already terminated undersigned counsel as its legal counsel. Therefore, undersigned counsel respectfully requests that the Court reconsider its ruling on its Order dated November 10, 2010. [D.E. 43].

As supplemental authority for this argument, undersigned counsel cites to a recent Order dated November 24, 2010 in *Jones, et al. v. Carswell Property Maintenance, Inc., et al.,* Case No. 09-22027 [D.E. 86], wherein the Court noted that the Defendants had terminated undersigned counsel from representing them as legal counsel (precluding undersigned counsel from acting upon the Defendants' behalf), and thereby granted undersigned counsel's Motion to

Withdraw, providing the Defendants with ten (10) days to retain new counsel. This relief was proposed in the present case within undersigned counsel's Renewed Motion to Withdraw since, just like in *Carswell,* counsel has already been terminated and is precluded from acting on behalf of the Defendants. [D.E. 42, ¶ 6].

## CONCLUSION

For all of the reasons stated herein, undersigned counsel respectfully requests that the Court reconsider its Order Granting in Part and Denying in Part Undersigned Counsel's Renewed Motion to Withdraw [D.E. 43], and grant undersigned counsel's Renewed Motion to Withdraw in whole.

If undersigned counsel's Renewed Motion to Withdraw from Representation is granted, counsel, of course, will comply with all relevant Rules Regulating the Florida Bar regarding "[a]ssisting the client upon withdrawal." *Rules Regulating the Florida Bar*, Rule. 4-1.16. Furthermore, as required by Local Rule 11.1(D)(3), notice of this motion has been served upon both the Defendants and opposing counsel.

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1.A.3

I HEREBY CERTIFY that undersigned counsel conferred with opposing counsel prior to the filing of this motion, but that opposing counsel did not respond prior to the filing of this Motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 8, 2010, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on Mr. Thomas Stokes and Americare Radiographics, Inc. (5201 N.E. 1st Avenue, Fort Lauderdale, Florida 33334), and on all counsel of record (Keith Stern, Shavitz Law

Group, P.A., 1515 South Florida Hwy., Suite 404, Boca Raton, FL 33432) or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

Glasser, Boreth & Kleppin
8751 W. Broward Blvd.
Suite 105
Plantation, FL 33324
Tel.  (954) 424-1933
Fax  (954) 474-7405
E-mail:  Glabor@aol.com
       Kwz624@gmail.com

By:  s/Kristopher W. Zinchiak
    Chris Kleppin
    Fla. Bar No. 625485

    Kristopher W. Zinchiak
    Fla. Bar No. 74442