UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60340-CIV-MOORE/SIMONTON

NICOLE WALKER,

    Plaintiffs

v.

AMERICARE RADIOGRAPHICS, INC., et al.,

    Defendants.
_____/

### ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

Presently pending before the Court is Plaintiff's Motion to Compel Better Responses to Discovery (DE # 28). All discovery motions is this case are referred to the undersigned Magistrate Judge (DE # 5). This motion is fully briefed (DE ## 32, 51). For the reasons stated below, Plaintiff's motion is granted.

I. Background

Plaintiff is proceeding under an one-count Amended Complaint in which she alleges that Defendants violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216, *et seq.*, by not paying her overtime compensation for the period from March 2007 and December 2009 (DE # 1). Defendants have answered the Complaint (DE # 12).

This motion follows.

II. The Instant Motion

This Order will consider individually the requests for production and interrogatories at issue.[1] If one or more requests are related, the Order will consider them together.

_____

[1] The parties have resolved requests for production 6, 8, 9, 12, 22, and 23, as well as interrogatories 9 and 10 (DE # 23 at 2; DE # 27).

### A. Defendant's Unsupported and General Objections Are Overruled

Plaintiff objects to Defendant's objections to specific requests that state, without providing any detail, that a discovery request is vague, overly broad, unduly burdensome or not relevant. Plaintiff also objects to Defendant's general objections (DE # 28 at 3-5).

Initially, Defendant's general objections are overruled. Nonspecific, boilerplate objections do not comply with Local Rule 26.1(g)(3)(A) which provides, "Where an objection is made to any interrogatory or sub-part thereof or to any document request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds."

Furthermore, Defendant's specific objections that state, without providing any detail, that a discovery request is vague, overly broad, unduly burdensome or not relevant, are overruled. Defendant's objections to Plaintiff's requests as vague, overly broad, unduly burdensome or irrelevant are, without more, meaningless. Defendant has not explained the specific and particular way in which Plaintiff's requests are vague, overly broad, unduly burdensome or irrelevant. *See* Fed.R.Civ.P. 33(b)(4); *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) ("[T]he mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory. On the contrary, the party resisting discovery 'must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.'" [citation omitted]). For example, if Defendant truly believed that these requests were vague, Defendant should have attempted to obtain clarification making these objections on this ground. There is no evidence that Defendant has done so. Therefore, Defendant's objections on these grounds are overruled.

B. <u>Interrogatories</u>

1. <u>Interrogatories 13, 14 and 16</u>

In Interrogatory 13, Plaintiff asks Defendants to identify all employees of Defendant, including former employees, whose duties were similar to those performed by Plaintiff for Defendants and who were compensated in a manner similar to Plaintiff between March 2008 and the present; and requests the last known mailing address and telephone number for each such individual.

In Interrogatory 14, Plaintiff asks Defendants to identify all employees of Defendant, including former employees, whose duties were similar to those performed by Plaintiff for Defendants and who were compensated in a manner similar to Plaintiff between March 2007 and February 2008; and requests the last known mailing address and telephone number for each such individual.

In Interrogatory 16, Plaintiff asks Defendants to identify all individuals employed by Defendants at the same location where Plaintiff performed work for Defendant between March 2007 and December 2009, and state the last known mailing address for all such individuals.

Defendants responded to these interrogatories as follows:

> Defendants object to providing information responsive to these requests since the interrogatories are overly broad, vague and unduly burdensome, and they seek irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the interrogatories seek private employee contact information and they are objectionable on that ground. Further, Plaintiff's counsel appears to be attempting to use this litigation as an improper forum to seek other potential plaintiffs.

(DE # 28 at 5).

Plaintiff contends that she is entitled to this information because individuals who held the same position as she did, worked in the same location as she did, and were

compensated in the same improper manner as she was, are witnesses to and can corroborate Plaintiff's assertions.  Defendants deny that Plaintiff worked overtime, and contend that if she did, she was paid time and a half for any hours over 40 worked in a week.  Plaintiff also contends that this information may lead to admissible evidence regarding the three year statute of limitations and Defendants' good faith defense against the imposition of liquidated damages.  Plaintiff relies on five recent cases in this District in which judges have ordered Defendants to provide the information requested in similar interrogatories, and rejected the same objections relied on by Defendants here. *See Schneider v. Express Consolidation, Inc.*, Case No. 05-80325-CIV-Hurley at DE # 97 (Dec. 6, 2005); *McKenzie v. Lindstrom Air Conditioning, Inc.*, Case No. 08-61378-CIV-Gold at DE # 42 (Dec. 30, 2008); *Titre v. S.W. Bach & Co.*, Case No. 05-80077-CIV-Marra at DE # 35 (Jul. 20, 2005); *Dupervil v. Asplundh Construction Co.*, Case No. 04-81106-CIV-Middlebrooks at DE # 19 (Apr. 27, 1005); and *Cius v. Palm Beach Transportation Grp.*, Case No. 05-80556-CIV-Zloch at DE # 96 (DE # 28 at 6-8) (Oct. 18, 2005).

     Plaintiff also asserts that these interrogatories are not overly broad, unduly burdensome or vague as Defendants had, at most, ten employees during the period of Plaintiff's employment (DE # 28 at 9).

     In response regarding Interrogatories 13, 14 and 16, Defendants assert that Plaintiff's counsel is just plaintiff-shopping.  Defendants state that as none of the other x-ray technicians worked in the same locations as each other or as Plaintiff, they would not be witnesses to the details of Plaintiff's employment, that is her wages, hours, or conditions of employment (DE # 32 at 5-6).  Moreover, as to Interrogatory 13, Defendants contend that some of the employees who currently work for Defendants do not even know who Plaintiff is, and, so, cannot be witnesses (DE # 32 at 6-7).

**Plaintiff states that she and the other X-Ray Technologists saw each other daily at Defendant Americare Radiographics office, located at 1001 Cypress Creek Road, Fort Lauderdale, where all of the X-Ray Technologists went every day to punch in, pick up the keys to their company-owned vans, and then take the vans to their appointments. At the end of each day, all of the X-Ray Technologists would return to the office, develop their film, do any other tasks associated with their jobs for that day, return their van keys, and then punch out (DE # 51 at 2).**

**Defendants' objections are overruled. It is axiomatic that a FLSA plaintiff is entitled to the names of and contact information for her former co-workers. Plaintiff controverts Defendants' assertion that none of the X-Ray Technologists ever saw each other, stating that they all saw each other every day and spent some time together. The undersigned will not rule on who is correct, but notes that due to the different positions, the evidence requested in these interrogatories may well lead to admissible evidence, for example the hours worked by the X-Ray Technologists and whether Defendants paid overtime the X-Ray Technologists. Therefore, on or before January 10, 2011, Defendants must provide Plaintiff with complete answers to Interrogatories 13, 14 and 16.[2] The undersigned further notes that this ruling does not mean that the requested discovery either is, or is not, admissible at trial.**

**2. <u>Interrogatory 20</u>**

**In this request, Plaintiff asks "If Plaintiff or another employee failed to comply with Defendants' timekeeping requirements (e.g. failed or forgot to punch in or out),**

---

[2] **Insofar as Defendants object to producing this information citing the privacy of the employees (DE # 32 at 6), the evidence will be produced pursuant to the parties' confidentiality stipulation (DE # 40).**

5

what action, if any, would Defendant take under such circumstances." Defendants responded that with respect to information concerning other employees, Defendants object to providing any such responsive information since, in this aspect, the request is overly broad, vague and unduly burdensome, and it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendants assert that the interrogatory improperly seeks private employee information; and that Plaintiff's counsel appears to be attempting to use this litigation as an improper forum to seek other potential plaintiffs. With respect to Plaintiff, Defendants respond that if she forgot to punch in and/or out, Defendants would record the time that she told Defendants that she came or left work that day or record the time Defendants witnessed Plaintiff coming in to or leaving work that day (DE # 28 at 9).

Plaintiff states that this interrogatory requests Defendant Americare Radiographic's policy regarding timekeeping. Plaintiff asserts that Defendants' policy is relevant to Defendants' good faith defense and its defense that a three year statute of limitations should not apply because Defendants did not wilfully violate the FLSA (DE # 28 at 10).

In response, Defendants assert that they only answered this interrogatory as to Plaintiff, because she is the only plaintiff in this case. Defendants contend that if Plaintiff was seeking an answer pertaining to all employees, Plaintiff should have stated that or included the language "and/or" instead of "or". Defendants argue that their interpretation of the interrogatory was reasonable (DE # 32 at 7). Defendants also assert that if Plaintiff was asking about Defendants' policy, she would have stated it explicitly, as she did in Interrogatory 21 (DE # 32 at 8).

Plaintiff asserts that Interrogatory 20 can only be read as to apply to all of

Defendants' employees, and that Defendants are playing with semantics (DE # 51 at 3).

The undersigned agrees that Defendants are playing semantic games, and that this interrogatory seeks Defendants' policy regarding timekeeping. Defendants' policy as to what they would do if an employee failed to punch in or out is relevant to both Defendants' good faith defense and its defense that a three year statute of limitations should not apply because Defendants did not wilfully violate the FLSA. Therefore, on or before January 10, 2011, Defendants must provide Plaintiff with a more complete answer to Interrogatory 20.[3]

### 3. Interrogatory 21

In this interrogatory, Plaintiff asked Defendant Americare Radiographics to describe its policy, formal or informal, regarding meal breaks for employees-e.g. did Defendants require employees to take meal breaks, and, if so, what action, if any, Defendants took if Plaintiff or another employee failed to take a lunch or bona fide meal break as it pertained to tracking time worked. Defendants responded that they specifically instructed Plaintiff that she was expected to take lunch breaks daily and that she was allowed to take other breaks throughout the day as her schedule permitted (DE # 28 at 10).

Plaintiff asks that Defendants be compelled to respond to the second portion of the interrogatory regarding Defendant's policy for dealing with an incident where an employee failed to take a lunch or bona fide meal break (DE # 28 at 10-11).

Defendants assert that they have fully answered the interrogatory as to Plaintiff

---

[3] Since in their response to the motion Defendants did not make the privacy objection they had made in response to Interrogatory 20, the undersigned considers it abandoned.

because Defendants would have taken no action if Plaintiff failed to a lunch or bona fide meal break because Defendants did not require Plaintiff to take a daily lunch break, but only expected her to do so (DE # 32 at 8). Defendants assert that they did not provide a general policy statement because of the way Plaintiff drafted the interrogatory. Moreover, Defendants claim that Plaintiff did not punch out for lunch, and was therefore paid in any event for her entire lunch break (DE # 32 at 8-9).

Plaintiff contends that in this interrogatory, she specifically asked for Defendants' policy as to all employees, but that Defendants only answered as to Plaintiff (DE # 51 at 3). Plaintiff notes that as Defendants never objected to this interrogatory, they have waived any objections (DE # 51 at 3-4).

The undersigned agrees with Plaintiff that this interrogatory clearly seeks Defendants' policy regarding meal breaks for employees-e.g. did Defendants require employees to take meal breaks, and, if so, what action, if any, Defendants took if Plaintiff or another employee failed to take a lunch or bona fide meal break as it pertained to tracking time worked. As Defendants did not initially object to the interrogatory on the ground raised in their response, any new objections are waived. Moreover, Defendants' policy on this issue is clearly relevant. Therefore, on or before January 10, 2011, Defendants must provide Plaintiff with a more complete answer to Interrogatory 21.

 B. <u>Requests for Production</u>

 1. <u>Requests 5 through 7</u>

In Request 5, Plaintiff asks for all federal income tax returns, including exhibits and supporting documents and statements, for Defendants for the taxable years, 2007, 2008 and 2009.

In Request 6, Plaintiff asks for all documents evidencing, related to or concerning

gross receipts which Defendant Americare Radiographics received by check for the taxable years, 2007, 2008 and 2009.  The response should include, but not be limited to, financial statements (whether audited or not), all loan applications and all sales and other receipts for the years at issue.

In Request 7, Plaintiff asks for all documents evidencing, related to or concerning gross receipts which Defendant Americare Radiographics received by charge or credit card payments for the taxable years, 2007, 2008 and 2009.  The response should include, but not be limited to, financial statements (whether audited or not), all loan applications and all sales and other receipts for the years at issue.

Defendants objected to the requests as overly broad, vague and unduly burdensome, and seeking irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence.  Furthermore, Defendant Americare Radiographics admitted that for the relevant time period, its revenues were in excess of $500,000.00 per year, and, hence, the information sought was not relevant (DE # 28 at 11).  However, as to Requests 6 and 7, Defendants stated that notwithstanding the objections and without waiving the same, with the exception of financial statements, documents responsive to the requests for the relevant time periods will be made available for inspection and copying at the offices of Defendants' counsel at a mutually convenient date and time; alternatively, Defendants' counsel can copy these documents for Plaintiff at Plaintiff's expense (DE # 32 at 10, fn. 7; 13, fn. 2).

Plaintiff initially asks that Defendants' boilerplate objections be overruled. Plaintiff claims that the requested documents are relevant to Defendants' affirmative defenses that Defendants are not an enterprise engaged in interstate commerce or in the production of goods for commerce (No. 4); and Plaintiff was not engaged in commerce

or in the production of goods for commerce, nor was she employed in an in enterprise engaged in the production of goods for commerce (DE # 28 at 11-12).

Plaintiff also asserts that all of the requested documents may identify business which Defendants have done outside the state of Florida, which would be in interstate commerce (DE # 28 at 12).

In response to Request 5, Defendant Americare Radiographics, relying on *Scott v. K.W. Max Invs. Inc.*, 256 Fed.Appx. 244, 249 (11th Cir. 2007), contends that the information contained in the requested tax returns cannot show that Defendants or Plaintiff were engaged in interstate commerce (DE # 32 at 9). Defendants also assert that the requested documents are not discoverable pursuant to 26 U.S.C. § 6103(a) and *Fed. Sav & Loan Ins. Corp. v. Krueger*, 55 F.R.D. 512 (N.D. Ill 1972) (DE # 32 at 10).

As to Request 5, Plaintiff distinguishes *K.W. Max Invs., Inc.*, 256 Fed.Appx. 244, 249 (11th Cir. 2007) (DE # 51 at 4). Plaintiff further states that it has no objection to having the tax returns produced subject to the parties' confidentiality stipulation (DE # 51 at 5, fn. 1).

In response to Requests 6 and 7, Defendants assert that they have agreed to produce all responsive documents with the exception of financial statements (DE # 32 at 11). As to the financial statements, Defendants contend that financial statements will not show whether Defendants were an enterprise engaged in interstate commerce or in the production of goods for commerce (DE # 32 at 12-15).

In reply, Plaintiff states that Defendants have not produced the responsive documents even though Defendants' responses to Requests 6 and 7 were provided more than three months ago (DE # 51 at 5).

As to Request 5, the undersigned concludes that Defendants' tax records must be

produced.  First, the tax records sought by Defendant fit within the broad definition of relevance under Fed.R.Civ.P. 26, which provides that a party is entitled to discovery of information that "appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b); *see also Maddow v. Procter & Gamble Co.*, 107 F.3d 846, 853 (11th Cir. 1997) (affirming order compelling discovery of tax returns over producing parties' objection that the tax records were private as well as cumulative of their W-2 and 1099 forms that had already been produced); *accord Erenstein v. S.E.C.*, 316 Fed.Appx. 865, 869-70 (11th Cir. 2008).  The requested documents may be admissible or may well lead to the discovery of admissible evidence.

Defendants misread *Scott v. K.W. Max Invs., Inc.*, 256 Fed.Appx. 244 (11th Cir. 2007), which does not support their theory that a defendant's tax return is not discoverable in an FLSA case.  In *K.W. Max*, the appellate court affirmed the district court's grant of summary judgment to Defendants, finding, in part, that Defendants' tax returns, *which had been produced to Plaintiff in discovery* did not contain any evidence that K.W. Max's annual gross volume of sales or business done for each of the years 2003 and 2004 was greater than $500,000 (emphasis added).  *See* 256 Fed.Appx. at 249.

As to Requests 6 and 7, Defendants have agreed to produce all requested documents with the exception of financial statements, and Plaintiff appears to complain only that Defendants have not yet produced the documents.

Therefore, on or before January 10, 2011, Defendants shall provide Plaintiff with all documents responsive to Requests 5, 6 and 7.  The undersigned is, however, cognizant of the fact that these documents may contain sensitive and private financial and/or business information relating to Defendants.  Therefore, these documents are produced pursuant to the parties' confidentiality stipulation (DE # 40).  Moreover,

**Plaintiff shall pay Defendants a reasonable fee for all responsive documents copied.**

**2.  Request 8**

**This request seeks all contracts between Defendants and Defendants' clients and/or customers which were in effect during the years 2007, 2008 and 2009.  The response should include any corporate entity and/or individual that purchased goods from Defendants.**

**Defendants objected to the request as overly broad, vague and unduly burdensome, and seeking irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, Defendants asserted that the requested documents contained confidential, private and privileged business information (DE # 28 at 12).**

**Plaintiff states that Defendant asserts that all responsive documents are with local companies within the State of Florida.  Plaintiff asserts that as Defendant never raised this objection before, it has been waived.  Plaintiff states that she is, nevertheless, entitled to receive full discovery on these documents, and that she is not required to take Defendants' word that all of the contracts are with local companies (DE # 28 at 13).**

**Defendants contend that they have supplemented their response by producing all responsive documents (DE # 32 at 15-16).**

**In reply, Plaintiff similarly states that Defendants have not produced the responsive contracts even though Defendants' written response to Request 8 was provided more than three months ago (DE # 51 at 5).**

**Defendants do not object to producing all responsive documents to Plaintiff. Therefore, on or before January 10, 2011, Defendants shall provide Plaintiff with all documents responsive to Request 8.  The undersigned is, however, cognizant of the fact**

that these documents may contain sensitive and private financial and/or business information relating to Defendants. Therefore, these documents will be produced pursuant to the parties' confidentiality stipulation (DE # 40). Moreover, Plaintiff shall pay Defendants a reasonable fee for all responsive documents copied.

### C. Plaintiff Did Not Violate the Local Rules

The undersigned finds that Plaintiff's violation of the Local Rules, if any, was *de minimis*. Therefore, the undersigned rejects Defendants' request that Plaintiff's motion be denied for violating the Local Rule.

Specifically, in their response, Defendants suggest that Plaintiff's motion violated: Local Rule 26.1(h)(2) in that Plaintiff combined Interrogatories 13, 14 and 16, and Requests 5 through 7; Local Rule 5.1(a)(4) by failing to adhere to the spacing requirements in that rule; and Local Rule 7.1(a)(3) by failing to contain a Certificate of Conferral. Defendants ask that Plaintiff's motion be denied for these alleged rule violations (DE # 32 at 2-5).

Plaintiff responds that she has not violated the Local Rules, and that it combined discovery requests where Defendants supplied identical objections to similar requests, and that while Plaintiff did not provide a certificate of conferral, it is clear from a review of the motion that the parties did in fact confer in good faith before Plaintiff filed the instant motion (DE # 51 at 5-6).

The undersigned agrees with Plaintiff, and denies Defendants' request to deny the motion on that ground.

Therefore, for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel Better

13

Responses to Discovery (DE # 28), is **GRANTED**, as stated in the body of the Order.  On or before January 10, 2011, Defendants must provide Plaintiff with the ordered documents and interrogatory responses.  Failure to comply with this Order may result in the entry of a default judgment as to liability against Defendants.

**DONE AND ORDERED** in chambers, in Miami, Florida on December 27, 2010.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable K. Michael Moore,
　　United States District Judge
All counsel of record

Thomas Stokes, pro se
5201 N.E. 1st Avenue
Fort Lauderdale, Florida 33334